■ In the Matter of NAVEAH P. and Another, Children Alleged to be Neglected. SAQUAN P. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [22 NYS3d 857]—

Orders of fact-finding and disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 30, 2014 and October 15, 2014, respectively, insofar as they determined that respondent parents neglected the subject children, unanimously affirmed, without costs.

The findings of neglect are supported by a preponderance of the competent evidence (*see* Family Ct Act § 1046 [b] [i], [iii]; *see also Matter of Daphne G.*, 308 AD2d 132, 135 [1st Dept 2003]). The record shows that the children were subject to actual or imminent danger of injury or impairment of their emotional and mental condition from exposure to repeated incidents of domestic violence occurring in respondents' one-room home, in close proximity to the two young children (*see Matter of Carmine G. [Franklin G.]*, 115 AD3d 594 [1st Dept 2014]; *Matter of Angie G. [Jose D.G.]*, 111 AD3d 404, 404-405 [1st Dept 2013]). Family Court's credibility determinations are entitled to deference on appeal (*see Matter of Irene O.*, 38 NY2d 776, 777-778 [1975]; *Matter of Aaron C. [Grace C.]*, 105 AD3d 548 [1st Dept 2013]).

The out-of-court statements made by the father in front of the police officers who had been summoned were properly admitted under the excited utterance exception to the hearsay rule (*see People v Edwards*, 47 NY2d 493, 497 [1979]). Moreover, his statements were corroborated by, among other things, the parents' certified hospital records, which showed that the father suffered a stab wound and the mother had bruise marks and human bite marks. Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.