■ In the Matter of TOUSSAINT E., a Child Alleged to be Neglected. ANGELINE M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [52 NYS3d 859]—

Order of fact-finding, Family Court, New York County (Susan K. Knipps, J.), entered on or about March 16, 2016, which, to the extent appealed from, determined that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding decision, same court and Judge, entered on or about March 14, 2016, unanimously dismissed, without costs, as taken from a nonappealable paper.

The finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The record shows that the child was subject to actual or imminent danger of injury or impairment to his emotional and mental condition from exposure to repeated incidents of domestic violence between his parents, occurring in close proximity to the child (*Matter of Naveah P. [Saquan P.]*, 135 AD3d 581 [1st Dept 2016]). The mother's contention that she should not be penalized as a victim of domestic violence is unfounded, since she refused referrals for assistance, denied that any domestic violence occurred, and permitted the father to care for the child while she went to work, after knowing that the father had left the child alone in their apartment (*see Nicholson v Scoppetta*, 3 NY3d 357, 371-372 [2004]; *Matter of Serenity H. [Tasha S.]*, 132 AD3d 508, 509 [1st Dept 2015]). Moreover, the mother knew or should have known of the father's mental illness and failed to protect the child from the risks presented

(*see Matter of Christy C. [Roberto C.]*, 77 AD3d 563 [1st Dept 2010]; *see also Matter of Joseph Benjamin P. [Allen P.]*, 81 AD3d 415, 416 [1st Dept 2011], *lv denied* 16 NY3d 710 [2011]). Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.