Matter of Jayden A. (Elisaul A.--Nancy C.) (2018 NY Slip Op 02016)





Matter of Jayden A. (Elisaul A.--Nancy C.)


2018 NY Slip Op 02016


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6075

[*1]In re Jayden A., and Another, Children Under the Age of Eighteen Years, etc., Elisaul A., Respondent-Appellant, Nancy C., Respondent, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Kathy C. Park of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about August 29, 2016, which found that respondent father had neglected the subject children, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). The evidence shows that the father knew or should have known about the mother's long-standing and serious mental health problems, and put the children at imminent risk of harm when he ignored the agency's directives and exposed the children to the mother immediately following her release from the hospital (see Matter of Toussaint E. [Angeline M.], 151 AD3d 417 [1st Dept 2017]). Even crediting the father's testimony, he left the children with the mother's adult daughter in the mother's home, where the mother could easily access them, despite the agency's directive not to leave the children with the mother's relatives. Furthermore, the record shows that the mother was spending time with the children since the agency caseworker overheard the children's voices while speaking with the mother on the telephone. The father's actions would have amounted to neglect even if they had not resulted in a violation of the court's temporary order of protection barring the mother from having contact with the children.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK