Matter of Toussaint E. (Allen E.--Angeline M.) (2018 NY Slip Op 02131)





Matter of Toussaint E. (Allen E.--Angeline M.)


2018 NY Slip Op 02131


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6101

[*1]In re Toussaint E., A Child Under Eighteen Years of Age, etc., Allen E., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Angeline M., Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about January 19, 2017, to the extent it brings up for review a fact-finding order, same court (Susan K. Knipps, J.), entered on or about March 14, 2016, which found, inter alia, that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect against respondent father is supported by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]). As we found in the mother's appeal from the fact-finding order (Matter of Toussaint E. [Angeline M.], 151 AD3d 417, 417 [1st Dept 2017]), the record shows that "the child was subject to actual or imminent danger of injury or impairment to his emotional and mental condition from exposure to repeated incidents of domestic violence between his parents, occurring in close proximity to the child." In addition, respondent, who suffers from a form of schizoaffective disorder, displayed a lack of insight into the effect of his illness on his ability to care for the child (see Matter of Lakiyah M. [Shacora M.], 136 AD3d 424 [1st Dept 2016]). He left the two-year-old home alone on many occasions, rationalizing his action on one such occasion by citing his (delusional) belief that the mother had a terminal illness and needed pizza. Moreover, respondent did not take his prescribed medication consistently, and repeatedly denied to medical professionals that he suffered from any form of [*2]mental illness (see Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 42 [1st Dept 2017], affd 30 NY3d 985 [2017]; Matter of Karma C. [Tenequa A.], 122 AD3d 415 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK