Matter of Serenity G. v Modi K. (2019 NY Slip Op 02983)





Matter of Serenity G. v Modi K.


2019 NY Slip Op 02983


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


9048 9047

[*1]In re Serenity G., And Others, Children Under Eighteen Years of Age, etc.,
v
Modi K., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for children.



Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about August 30, 2017, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 18, 2017, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The court's finding that respondent neglected the subject children by inflicting excessive corporal punishment on them and committing acts of domestic violence against their mother in front of all of them is supported by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Jermaine J. [Howard J.], 121 AD3d 437 [1st Dept 2014]). Petitioner agency's protective specialist testified that three of the children told her that respondent beats them and threatens to make them bleed. One reported that respondent disciplined the children by hitting them with a belt and his hand and that respondent had hit him on his buttocks so hard that he urinated on himself. Another reported that respondent also physically dragged them around the apartment. These out-of-court statements by the three children cross-corroborate each other and were properly admitted into evidence (see Matter of Ivahly M. [Jennifer L.], 159 AD3d 423 [1st Dept 2018]; Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]).
Petitioner's protective specialist also testified that three of the children reported that they frequently observed respondent hit their mother with his hand when the entire family was in the apartment. In addition, one child stated that he saw respondent hit the mother while she was pregnant, throw a fan at her, and stomp on her while she was on the floor. These out-of-court statements by the children cross-corroborate each other and are further corroborated by the order of protection issued in favor of the mother against respondent in 2014 (see Matter of Emily S. [Jorge S.], 146 AD3d 599 [1st Dept 2017]). The children described themselves as "sad" and "scared" when they saw respondent hitting their mother, demonstrating that their emotional states were impaired by the violence they witnessed (see Matter of Heily A. [Flor F.-Gustavo A.], 165 AD3d 457, 457-458 [1st Dept 2018]; Matter of Isaiah D. [Mark D.], 159 AD3d 534 [1st Dept 2018]; Matter of Emily S., 146 AD3d at 600).
The court properly found that respondent father neglected the two youngest children, who were in the two-bedroom apartment during the incidents of domestic violence, in close proximity [*2]to the violence, and in danger of physical or emotional impairment (see Matter of Isabella S. [Robert T.], 154 AD3d 606 [1st Dept 2017]; Matter of Naveah P. [Saquan P.], 135 AD3d 581 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK