■ In the Matter of TAYLOR C., a Child Alleged to be Neglected. CHRISTIN C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [931 NYS2d 852]—

A preponderance of the evidence supports the finding of neglect (Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]). Respondent's mother testified that she witnessed respondent push the then one-month-old child, causing the child to slide across the

floor from one room to another. This single incident is sufficient to support a finding of neglect, given that the child's physical, mental or emotional condition has been impaired or is in imminent risk of being impaired as a result of respondent's behavior (see Matter of Jared S. [Monet S.], 78 AD3d 536 [2010], lv denied 16 NY3d 705 [2011]).

Family Court properly drew the strongest negative inference from respondent's failure to appear and testify (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79-80 [1995]; Matter of Cantina B., 26 AD3d 327, 328 [2006]). The court did not deprive respondent of due process by holding the fact-finding hearing in her absence. The record shows that respondent received notice of the proceedings and was represented by counsel; that the court repeatedly adjourned the proceedings due to respondent's often unexplained absences; and that respondent provided incorrect contact information (see Family Ct Act § 1042; Matter of Elizabeth T. [Leonard T.], 3 AD3d 751, 753 [2004]). Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Román, JJ.