■ In the Matter of MESSIAH C., Also Known as MESSIAH L.C., a Child Alleged to be Neglected. LAVERNE C., Appellant; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [942 NYS2d 867]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about January 12, 2011, which, after a fact-finding hearing, determined that respondent had derivatively neglected the subject child, unanimously affirmed, without costs.

The finding of derivative neglect was supported by a prepon-

derance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]). The record shows that respondent mother had a 13-year history of abusing illegal narcotics, and that due to her addiction, her three older children had been removed from her care and her parental rights to one of the children were terminated. The record also showed that the mother had continued to use drugs until at least May 2009, halfway through her pregnancy with the subject child, and that she had dropped out of a drug treatment program only two months before his birth.

That the mother subsequently enrolled herself in an inpatient program two weeks before the child's birth is commendable, but does not outweigh her significant history. The relevant time period for assessing the risk to the child is when the petition is filed (*see Matter of Brianna R. [Marisol G.]*, 78 AD3d 437, 438 [2010], *lv denied* 16 NY3d 702 [2011]), and the petition was filed when the child was two weeks old. Thus, given the brief period between respondent's last drug use and the child's birth, the court properly found that the child was at risk of neglect based on the mother's extensive history of drug abuse (*see* Family Ct Act § 1046 [a] [i]; *Matter of Noah Jeremiah J. [Kimberly J.]*, 81 AD3d 37, 42 [2010]). Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.