■ In the Matter of YECLLYNE P.-H. and Another, Children Alleged to be Neglected. JOSE P.V., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [985 NYS2d 232]—

Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about April 22, 2013, which denied respondent father's motion to vacate the orders of fact-finding and disposition, same court and Judge, entered upon his default on or about April 9, 2012, unanimously affirmed, without costs.

The Family Court providently exercised its discretion in denying respondent's motion since the record shows that he willfully refused to appear at the April 9, 2012 fact-finding and dispositional hearings (*see* Family Ct Act § 1042). Respondent did not deny receiving notice of the hearings, and instead merely claimed in his motion papers that he did not have an attorney assigned to him to "follow up with [him] about th[e] date [of the hearings]," did not know he was required to appear on that date, and that if he had been informed, he had "forgotten." The court properly determined that respondent's excuse was invalid, especially given his failure to appear or contact the court until nearly a year after the petition was filed. Moreover, the respondent's several prior unexplained absences from court proceedings supports a finding of willful default (*see Matter of Rozelle Tyrone Lee P.*, 19 AD3d 237 [1st Dept 2005], *lv dismissed* 5 NY3d 839 [2005]).

While respondent's willful default alone warranted denial of the motion, we further note that respondent failed to establish any meritorious defense to the allegations of neglect based on the children's exposure to acts of domestic violence between the

parents (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1042; *Matter of Lonell J.*, 242 AD2d 58, 60-61 [1st Dept 1998]). Respondent failed to dispute or address at least two incidents described in the petition, in domestic incident reports, and by the mother at the hearing.

Respondent failed to preserve his arguments regarding a due process violation and his right to a hearing on the motion (*see Matter of Kleevuort C. [Fredlyn V.]*, 84 AD3d 1371, 1371 [2d Dept 2011]). In any event, the arguments are unavailing (*see Matter of Taylor C. [Christin C.]*, 89 AD3d 405, 406 [1st Dept 2011]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Manzanet-Daniels and Clark, JJ.