Matter of Dior S. (Latisha H.) (2018 NY Slip Op 02547)





Matter of Dior S. (Latisha H.)


2018 NY Slip Op 02547


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6259 6258

[*1]In re Dior S., and Another, Children under Eighteen Years of Age, etc., Latisha H., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about February 22, 2017, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about December 2, 2016, which found that respondent mother neglected the subject children, unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Petitioner agency proved by a preponderance of the evidence that the mother neglected the children by failing to treat her mental illness (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Michael P. [Orthensia H.], 137 AD3d 499, 500 [1st Dept 2016]). The grandmother's testimony about the mother's violent behavior toward her and the mother's admission that she was diagnosed with bipolar disorder raised the substantial probability that the mother's failure to treat her mental illness would place the children at imminent risk of impairment if released to her care (see Matter of Enrique S. [Kelba C.S.], 134 AD3d 576, 577 [1st Dept 2015], lv denied 27 NY3d 948 [2016]). In addition, the testimony about the April 3, 2016 incident demonstrated that the mother's untreated mental illness not only created an imminent risk of harm to the children, but resulted in actual impairment to the younger child after she lost her temper, threw an aluminum pot cover and struck him in the head resulting in the child sustaining injuries that were visible for at least three days after the incident (see Matter of Princess Ashley C. [Florida S.C.], 96 AD3d 682, 682 [1st Dept 2012]).
The mother's regular, long-term drug use while the children were in her care constituted prima facie evidence of neglect, which she failed to rebut by showing that she was regularly participating in treatment (see Family Ct Act § 1046 [a] [iii]; Matter of Nyheem E. [Jamila G.], [*2]134 AD3d 517, 519 [1st Dept 2015]). The fact that she entered a drug treatment program about 16 days before the neglect petitions were filed does not outweigh her significant history (see Matter of Messiah C. [Laverne C.], 95 AD3d 449, 450 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK