Matter of Alexander Z. (Anne Z.) (2018 NY Slip Op 05904)





Matter of Alexander Z. (Anne Z.)


2018 NY Slip Op 05904


Decided on August 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 23, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6667

[*1]In re Alexander Z. and Another, Anne Z., Respondent-Appellant,
and
Administration for Children's Services, Petitioner-Respondent.


Anne Z., appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for respondent.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about October 7, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about August 10, 2015, which found that respondent mother neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the court's finding of neglect under Family Ct Act § 1012[f][i][B]). Contrary to the mother's contention, she did not rebut the presumption of neglect by participating in rehabilitative programs after the neglect petitions were filed (see Matter of Messiah C. [Laverne C.], 95 AD3d 449, 450 [1st Dept 2012]). Thus, petitioner did not have to prove actual or imminent danger to the children (see Matter of Elijah J. [Yvonda M.], 105 AD3d 449, 450 [1st Dept 2013]). In any event, the mother absented herself from the fact-finding hearing and failed to present any evidence on her own behalf, permitting the court to draw the strongest negative inference against her (see Matter of Taylor C. [Christin C.], 89 AD3d 405, 406 [1st Dept 2011]). Letters attesting to the mother's participation in out-patient therapy and counseling were submitted to the court after it had already issued its finding of neglect, and were properly considered in the dispositional order.
Our holding in Matter of Iris B. (304 AD2d 301 [1st Dept 2003]), upon which the mother relies in arguing that her participation in rehabilitation programs after the neglect petitions were filed entitled her to an exception to a finding of neglect, is inapplicable here. In Iris B., we opined that the respondent's voluntary and regular participation in a rehabilitative program at the time of the fact-finding hearing constituted an exception to a finding of neglect (id. at 301-302). Although not reflected in our decision in Iris B., a review of the record in that case reveals that the respondent was a resident of a rehabilitative facility at the time the neglect
petition was filed. Moreover, in Iris B., the fact-finding
hearing occurred within two months of the filing of the neglect petition, not two years later, as here.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 23, 2018
DEPUTY CLERK