■ In the Matter of Keoni Daquan A. and Others, Children Alleged to be Neglected. Brandon W., Appellant; April A., Respondent; New York City Administration for Children's Services, Respondent. [937 NYS2d 160]—

A preponderance of the evidence supports the finding that respondent neglected the children by misusing drugs and not participating in any rehabilitation program during the relevant period (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Jasmine B.*, 66 AD3d 420 [2009]). Respondent's testimony that he regularly smokes marijuana is prima facie evidence of neglect pursuant to Family Ct Act § 1046 (a) (iii). Respondent failed to rebut the statutory presumption of neglect with proof that he "is voluntarily and regularly participating in a recognized rehabilitative program" (*id.*; *see Matter of Stefanel Tyesha C.*, 157 AD2d 322, 326-327 [1990], *appeal dismissed* 76 NY2d 1006 [1990]). Although he testified at a section 1028 hearing that he was in a drug treatment program, he did not identify the program and failed to substantiate his assertion with documentation or other evidence. Under the circumstances, petitioner agency was not required to establish the children's impairment or risk of impairment (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Nasiim W. [Keala M.]*, 88 AD3d 452, 453 [2011]; *Stefanel Tyesha C.*, 157 AD2d at 328).

The record supports the finding that respondent is a "person legally responsible" for his nonbiological children's care; thus, the finding of neglect with respect to these children is sustainable (Family Ct Act § 1012 [a], [g]; *Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]; *Matter of Devina S.*, 24 AD3d 188, 189 [2005], *lv denied* 6 NY3d 715 [2006]). The record shows that respondent was the long-term boyfriend of the children's mother, the biological father of the mother's other children, and a regular visitor in the mother's home. Moreover, respondent testified that he, at times, watched the children, assisted with their homework and attended their doctors' appointments. Accordingly, the record permits "an inference of substantial familiarity" between the children and respondent (*Matter of Christopher W.*, 299 AD2d 268 [2002]). There is no basis for disturbing the court's credibility determinations (*see Matter of Ilene M.*, 19 AD3d 106, 106 [2005]). Concur—Gonzalez, P.J., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.