■ In the Matter of ELIJAH J. and Another, Children Alleged to be Neglected. YVONDA M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [963 NYS2d 77]—

Order of fact-finding, Family Court, Bronx County (Jane Pearl, J.), entered on or about January 18, 2012, which, after a hearing, found that respondent mother had neglected the subject children, unanimously affirmed, without costs. Appeal from orders of disposition, same court and Judge, entered on or about April 9, 2012, unanimously dismissed as abandoned, without costs.

A preponderance of the evidence supports the findings of neglect (*see* Family Ct Act § 1046 [b] [i]). Family Court properly found that the subject children's physical, mental or emotional condition is in imminent danger of becoming impaired, since the mother left the children, then ages 4 and 15, with their 21-year-old brother for over a week without sufficient food, shelter, or clothing (*see* Family Ct Act § 1012 [f] [i] [A]; *Matter of Lah De W. [Takisha W.]*, 78 AD3d 523, 523-524 [1st Dept 2010]).

The Family Court also properly found neglect based on the mother's regular misuse of marijuana (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Keoni Daquan A. [Brandon W.—April A.]*, 91 AD3d 414, 415 [1st Dept 2012]). The mother's entry into a drug treatment program after the relevant statutory time period is unavailing (*see* *Matter of Messiah C. [Laverne C.]*, 95 AD3d 449, 450 [1st Dept 2012]). Under the circumstances, petitioner agency was not required to prove actual or imminent impairment to the children (*see* *Matter of Keoni*, 91 AD3d at 415).

There is no basis to disturb the court's credibility determinations (*see* *Matter of Irene O.*, 38 NY2d 776, 777 [1975]). Concur— Tom, J.P., Andrias, Saxe, Abdus-Salaam and Gische, JJ.