■ In the Matter of MADISON M. and Another, Infants. NATHAN M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [999 NYS2d 70]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about October 11, 2013, which, after a fact-finding hearing, found that respondent father neglected the subject children, unanimously affirmed, without costs.

The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act § 1012 [f] [i] [B]). There exists no basis to disturb the court's credibility determinations (see e.g. Matter of Niyah E. [Edwin E.], 71 AD3d 532 [1st Dept 2010]). The record shows that the children's out-of-court statements regarding respondent's use of violence against their mother in the children's presence, were corroborated by each other's statements, and by the caseworker's testimony and a police officer's statement as to the injuries observed on the mother (see Matter of Jasmine A. [Albert G.], 120 AD3d 1125 [1st Dept 2014]; Matter of Carmine G. [Franklin G.], 115 AD3d 594 [1st Dept 2014]).

Respondent's argument that, since the alleged domestic violence was an isolated incident, the finding of neglect was not based on legally sufficient evidence, is unavailing. "A single incident where the parent's judgment was strongly impaired and the child exposed to a risk of substantial harm can sustain a finding of neglect" (Matter of Kayla W., 47 AD3d 571, 572 [1st Dept 2008] [internal quotation marks omitted]). In any event, the court properly discredited respondent's testimony that he does not have a history of violence against the mother, given

that he admitted to pleading guilty to threatening to use physical force against the mother, and also acknowledged that there was an order of protection in effect at the time of the subject incident (see e.g. Matter of Aaron C. [Grace C.], 105 AD3d 548 [1st Dept 2013]). Contrary to respondent's contention, the police observations that the children were crying is sufficient to demonstrate by a preponderance of the evidence that their emotional well-being had been, or was in danger of becoming, impaired by the altercation they witnessed (see Matter of Nia J. [Janet Jordan P.], 107 AD3d 566 [1st Dept 2013]). Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.