In the Matter of ALLYERRA E., a Child Alleged to be Neglected. ALANDO E., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [17 NYS3d 634]—

Order of fact-finding and disposition, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about October 2, 2014, which to the extent appealed as limited by the briefs, determined, after a hearing, that respondent father had neglected the subject child, unanimously affirmed, without costs.

The finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]). The child's out-of-court statements, regarding respondent's use of violence against the mother, were corroborated by the testimony of the mother and the agency caseworker, and the mother's medical records (*Matter of Carmine G. [Franklin G.]*, 115 AD3d 594, 594 [1st Dept 2014]; *Matter of Madison M. [Nathan M.]*, 123 AD3d 616, 617 [1st Dept 2014]).

Respondent's argument that, since the alleged domestic violence was an isolated incident, the Family Court's finding of neglect was not based on a preponderance of the evidence, is unavailing, inasmuch as a single incident where the parent's judgment was strongly impaired and the child was exposed to a risk of substantial harm can sustain a finding of neglect (*Madison M.*, 123 AD3d at 616; *Matter of Kayla W.*, 47 AD3d 571, 572 [1st Dept 2008]). The Family Court properly discredited respondent's testimony that he does not have a history of violence against the mother, given that respondent admitted to pushing the mother on the date of the incident, and that there was an order of protection against him based on a subsequent incident (*see e.g. Matter of Aaron C. [Grace C.]*, 105 AD3d 548 [1st Dept 2013]). Concur—Tom, J.P., Acosta, Richter and Kapnick, JJ.