■ In the Matter of DARREN S., a Child Alleged to be Neglected. DARREN S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of SHYQUEENA C., Respondent, v DARREN S., Appellant. [21 NYS3d 29]—

Order of disposition, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about June 27, 2014, which, upon a fact-finding determination that respondent father had neglected the subject child, directed the father to, among other things, complete batterer's intervention, anger management and parenting skills programs, and issued a temporary order of visitation providing for once-a-month supervised visits between the father and the child at Rikers Island Correctional Facility, unanimously affirmed, without costs. Appeal from order of fact-finding, same court and Judge, entered on or about March 3,

2014, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition. Order of fact-finding and disposition (one paper), and order of protection, same court and Judge, entered on or about March 3, 2014, which, upon a fact-finding that respondent father had committed the family offenses of assault in the third degree and assault in the second degree and that there were aggravating circumstances warranting a five-year order of protection against the father, directed the father to, among other things, stay away from the child and the mother for a period of five years, unanimously affirmed, without costs.

The finding of neglect is supported by a preponderance of the evidence, including the mother's testimony that the father had engaged in repeated and serious acts of domestic violence against her in the presence of the child, and had inflicted harm against the child, including hitting him with an extension cord and punching him in the face (*see* Family Ct Act § 1012 [f] [i] [B]; *see also Matter of Lonell J.*, 242 AD2d 58 [1st Dept 1998]; *Matter of Deandre T.*, 253 AD2d 497, 498 [2d Dept 1998]). The court's credibility determinations are entitled to deference (*Matter of Irene O.*, 38 NY2d 776, 777-778 [1975]; *Matter of Brianna R. [Maribel R.]*, 115 AD3d 403, 408 [1st Dept 2014]).

The Family Court's determination that visitation should be limited to once a month, and that the father should complete programs to address his history of violence, even if those programs were not available to him during his incarceration, were in the best interest of the child (*see Matter of Frank M. v Donna W.*, 44 AD3d 495, 495-496 [1st Dept 2007]; Family Ct Act § 1057). The court noted that petitioner agency's supervision of the father would be extended until the father completed the required services, either at a different correctional facility or upon his release from incarceration.

The Family Court properly determined that the fact-finding order in the neglect proceeding had collateral estoppel effect, and precluded the father from relitigating the same issues in the family offense proceeding. The parties agreed on the record that the specific allegations of domestic violence set forth in the neglect petition, and testified to by the mother at the neglect fact-finding hearing, were identical to the allegations set forth by the mother in her family offense petition. The father had a full and fair opportunity to litigate the allegations during the neglect proceeding, but chose to defend only by cross-examining the mother (*see Matter of Abady*, 22 AD3d 71, 81 [1st Dept 2005]). Further, the Family Court took judicial notice of the fact-findings in the neglect proceeding, including

the physical injuries suffered by the mother, which supported the finding of aggravated circumstances in the family offense proceeding (*see* Family Ct Act § 842).

We have considered the father's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.