■ In the Matter of MACIN D. and Another, Children Alleged to be Neglected. MIGUEL D., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [49 NYS3d 138]—

Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about January 29, 2016, which, to the extent appealed from as limited by the briefs, found, after a hearing, that respondent father had neglected the subject children, unanimously affirmed, without costs.

A preponderance of the evidence adduced at the fact-finding hearing established that the children were neglected by the father within the meaning of the Family Court Act (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; Family Ct Act § 1012 [f]). The evidence before the Family Court, which included the father's aggressive and intimidating behavior in front of the children, causing them visible distress, and incidents of domestic violence against the children's mother while the children were present, was sufficient to establish that the children were subject to actual or imminent danger of injury or impairment of their emotional and mental condition (*see e.g. Matter of Naveah P. [Saquan P.]*, 135 AD3d 581 [1st Dept 2016]; *Matter of Patrice S.*, 63 AD3d 620, 620-621 [1st Dept 2009]). The Family Court's credibility determinations are entitled to deference (*Matter of Irene O.*, 38 NY2d 776 [1975]; *see Matter of Allyerra E. [Alando E.]*, 132 AD3d 472, 473 [1st Dept 2015], *lv denied* 26 NY3d 913 [2015]).

We have considered the father's procedural and due process arguments, and find them unavailing. The father has not shown that he was prejudiced by any delay in the fact-finding proceeding. Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.