■ In the Matter of BRIANNA C., a Child Alleged to be Neglected. RAIDRI C., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [53 NYS3d 538]—

Order of fact-finding, Family Court, New York County (Jane Pearl, J.), entered on or about June 21, 2016, which determined, after a hearing, that respondent mother had neglected the subject child, unanimously affirmed, without costs.

The Family Court's finding that the mother neglected the child was supported by a preponderance of the evidence, as the mother misused drugs and alcohol and refused to participate in any rehabilitation program during the relevant period (*see* Family Ct Act § 1012 [f] [i] [B]). The mother's admissions to hospital staff that she smoked marijuana on the weekends, would drink five to six alcohol beverages a day on a regular basis, would "black out" from drinking, would become violent and aggressive when intoxicated to the point of physically attacking other people, and attempted suicide while intoxicated, constituted prima facie evidence of neglect pursuant to Family Court Act § 1046 (a) (iii). The mother failed to rebut the statutory presumption of neglect by presenting proof that she was voluntarily and regularly participating in a recognized rehabilitation program (*see* Family Ct Act § 1046 [a] [iii]; *Matter of Keoni Daquan A. [Brandon W.—April A.],* 91 AD3d 414, 415 [1st Dept 2012]). Given the statutory presumption, the agency was not required to establish the child's impairment or risk of impairment (Family Ct Act § 1012 [f] [i] [B]; *Keoni Daquan A.,* 91 AD3d at 415).

Even in the absence of the application of the presumption, the evidence established that the child was at imminent risk of harm as a result of the mother's untreated mental illness (Family Ct Act § 1012 [f] [i] [B]; *Matter of Noah Jeremiah J. [Kimberly J.],* 81 AD3d 37 [1st Dept 2010]). Concur—Friedman, J.P., Gische, Kapnick, Kahn and Gesmer, JJ.