■ In the Matter of ZELDA McM., a Child Alleged to be Neglected. PATRICK L.-O. McM., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [62 NYS3d 349]—

Order of fact-finding, Family Court, New York County (Jane Pearl, J.), entered on or about September 12, 2016, which found that respondent father had neglected the subject child, unanimously affirmed, without costs.

The findings of neglect are supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The mother's testimony, which the court credited, was sufficient to establish that the father had committed acts of domestic violence against

the mother on at least two occasions, while the child was in close proximity, thereby subjecting the child to actual or imminent danger of physical impairment (*see e.g. Matter of Macin D. [Miguel D.]*, 148 AD3d 572, 573 [1st Dept 2017]; *see* also *Matter of Kelly A. [Ghyslaine G.]*, 95 AD3d 784, 784 [1st Dept 2012]).

Family Court properly drew the "strongest possible negative inference" against the father for his failure to testify (*Matter of Ninoshka M. [Liz R.]*, 125 AD3d 567, 568 [1st Dept 2015]). There are no grounds for disturbing the court's credibility determinations, including the weight to be given to any inconsistencies in testimony, as the court was in the best position to observe and assess the demeanor of the witnesses (*see Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Jared S. [Monet S.]*, 78 AD3d 536 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]). The mother's detailed testimony concerning repeated incidents of domestic violence was corroborated in part by the caseworker's testimony, photographs documenting injuries, and medical records relating to yet another incident of domestic violence.

Based on the mother's testimony that the father was never sober, used drugs every day, and smoked marijuana while caring for the child, the mother established a prima facie showing of neglect based on the father's misuse of drugs (*see* Family Ct Act § 1046 [a] [iii]; *Matter of Keoni Daquan A. [Brandon W.— April A.]*, 91 AD3d 414 [1st Dept 2012]). To defeat a finding of neglect on that basis, the father was required to demonstrate that he was voluntarily and regularly participating in a recognized rehabilitative program, which he failed to do (*see id.*). Under these circumstances, petitioner agency was not required to establish the child's impairment or risk of impairment (*Keoni*, 91 AD3d at 415).

We have considered the father's arguments and find them unavailing. Concur—Friedman, J.P., Richter, Andrias, Gische and Moulton, JJ.