Matter of Cristalyn G. (Elvis S.) (2018 NY Slip Op 01254)





Matter of Cristalyn G. (Elvis S.)


2018 NY Slip Op 01254


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5788B 5788A 5788 5787

[*1] In re Cristalyn G., and Another, Dependent Children Under the Age of Eighteen Years, etc., Elvis S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.
Dawne Mitchell, Jr., The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Ta-Tanisha D. James, J.), entered on or about January 19, 2017, to the extent it brings up for review a fact-finding order, same court (Susan K. Knipps, J.), entered on or about July 7, 2016, which determined, after a hearing, that respondent was a person legally responsible for the two subject children, that he neglected the children, and that he sexually abused the older child and derivatively abused the younger child, unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition. Appeal from two orders of protection, same court (Ta-Tanisha D. James, J.), entered on or about January 19, 2017, unanimously dismissed, without costs.
The finding that respondent neglected the children by punching and choking the mother while the children were present is supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Kelly A. [Ghyslaine G.], 95 AD3d 784, 784 [1st Dept 2012]). The older child's out-of-court statements to petitioner agency's caseworker were corroborated by the mother's testimony and by the younger child's out-of-court statements to the caseworker (see Matter of Madison M. [Nathan M.], 123 AD3d 616, 616 [1st Dept 2014]).
That the finding was based on a single incident did not preclude the Family Court from entering a finding of neglect against respondent, because his actions exposed the children to a risk of substantial harm (see Matter of Allyerra E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]).
The older child's sworn testimony at the fact-finding hearing was competent evidence that respondent sexually abused her, and the fact that she did not have a physical injury does not require a different result (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 659-660 [1st Dept 2013]). Furthermore, the older child's testimony about the sexual abuse was corroborated by the criminologist's testimony that respondent's semen was "soaked" or "imbedded into the material" of the child's shorts and could not have been the result of a DNA transfer that occurred incidentally or accidentally.
The testimony of respondent's expert about an exam he did not conduct failed to rebut petitioner's showing that respondent sexually abused the child (see Hambsch v New York City Tr. Auth., 63 NY2d 723, 725-726 [1984]).
The fact that there was a criminal case pending against respondent at the time of the hearing did not deprive the Family Court of the right to draw an adverse inference from his failure to testify (see Matter of Markeith G. [Deon W.], 152 AD3d 424, 424-425 [1st Dept 2017]).
The Family Court properly entered a derivative abuse finding against respondent as to the younger child, because it is undisputed that the younger child was living in the home when the sexual abuse against the older child occurred (see Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]).
As conceded by respondent, no appeal lies from the two orders of protection entered upon respondent's default (see Matter of Jenny F. v Felix C., 121 AD3d 413 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK