Matter of Isaiah D. (Mark D.) (2018 NY Slip Op 01873)





Matter of Isaiah D. (Mark D.)


2018 NY Slip Op 01873


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


6031

[*1]In re Isaiah D., and Another, Children Under Eighteen Years of Age, etc., Mark D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Thomas R. Villeco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for Administration for Children's Services, respondent.
Law Office of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the child Isaiah D.
Andrew J. Baer, New York, attorney for the child Tru L.



Order of fact-finding and disposition (one paper) of the Family Court, New York County (Stewart H. Weinstein, J.), entered on or about November 19, 2014, to the extent that it determined that respondent was a person legally responsible for the younger subject child and the father of the older subject child, and that he neglected both children by committing acts of domestic violence upon the mother while in the children's presence and neglected the older child by inflicting excessive corporal punishment upon him, unanimously affirmed, without costs.
A preponderance of the evidence supports the Family Court's determination that respondent neglected the older child by subjecting him to excessive corporal punishment, because the child's out-of-court statement that respondent caused the mark on his back was sufficiently corroborated by the caseworker's testimony that she saw the mark on his back and partly corroborated by the mother's testimony that she saw marks on the child's back after respondent disciplined the child (see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]; Matter of Naomi J. [Damon R.], 84 AD3d 594 [1st Dept 2011]).
In addition, a preponderance of the evidence supports the court's determination that respondent neglected the children by committing acts of domestic violence against the nonrespondent mother while the children were present (Family Ct Act §§ 1012[f][i][B], 1046[b][i]). The mother's testimony that the younger child was present during the April 2013 incident was supported by respondent's testimony (see Matter of Jayline R. [Jose M.], 110 AD3d 419, 420 [1st Dept 2013]). The older child's out-of-court statement that he had witnessed respondent commit acts of domestic violence against the mother was supported by the mother's testimony that sometimes when respondent was abusing her the child would get him to stop (see Matter of Darren S. [Darren S.], 133 AD3d 534, 535 [1st Dept 2015]).
Contrary to respondent's contention, the record shows that the children were in danger of becoming emotionally or physically impaired by the domestic violence he was inflicting upon the mother while they were present. The mother's testimony that during the April 2013 incident the younger child was scared, "cried a little bit" and appeared "stunned" is sufficient to demonstrate that her emotional well-being had been impaired by the altercation she had just witnessed (see Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567 [1st Dept 2013]).
In addition, the mother's testimony that the older child was receiving therapy as a result of the domestic abuse he witnessed, and the caseworker's testimony that the child told her that he had an anger problem as a result of the violence he had seen in the home, demonstrate that the child had been impaired or was at imminent risk of emotional or physical impairment (see Matter of Zelda McM. [Patrick L.-O. McM.], 154 AD3d 573, 573-574 [1st Dept 2017]; Matter of Krystopher D'A. [Amakoe D'A.], 121 AD3d 484, 485 [1st Dept 2014]). Any inconsistencies with the mother's testimony given at a previous housing hearing raised issues of credibility that were properly resolved by the Family Court (see Matter of Jasmine M., 301 AD2d 479 [1st Dept 2003]; Matter of Salma M., 294 AD2d 198, 199 [1st Dept 2002]).
Last, we decline to enter a finding that respondent derivatively neglected the younger child by inflicting excessive
corporal punishment upon the older child as requested by that child's counsel because the petitions do not set forth an allegation of derivative neglect.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK