Matter of Shaun H. (Monique B.) (2018 NY Slip Op 03615)





Matter of Shaun H. (Monique B.)


2018 NY Slip Op 03615


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6579

[*1]In re Shaun H., A Dependent Child Under Eighteen Years of Age, etc., Monique B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marianne Allegro of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about January 19, 2017, which, inter alia, found that respondent mother neglected the subject child by failing to provide him with proper supervision or guardianship as alleged in paragraphs 1a, 1b and 2a of the petition, unanimously modified, on the law and the facts, to vacate the finding that respondent neglected the child as alleged in paragraph 1b of the petition by failing to plan for him, and otherwise affirmed, without costs.
A preponderance of the evidence supports the finding of neglect based upon respondent's marijuana use, because the caseworker testified that respondent told her that she was "smoking marijuana eight to 10 times per week to deal with her stress." Moreover, respondent testified that she told Sanchez that she had used marijuana because she liked it (see Matter of Christina G. [Vladimir G.], 100 AD3d 454, 454-455 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). Respondent failed to rebut petitioner's prima facie case of neglect by showing that she was voluntarily and regularly participating in a drug rehabilitation program (see Matter of Keoni Daquan A. [Brandon W.-April A.], 91 AD3d 414, 415 [1st Dept 2012]).
A preponderance of the evidence adduced at the fact-finding hearing also showed that respondent neglected the child by failing to provide him with proper supervision and guardianship by attempting to leave him at a local fire station with people she did not know and who told her that they do not take children. Under these circumstances, the court properly determined that the child was at imminent risk of harm (see Matter of Lashina P., 52 AD3d 293, 294 [1st Dept 2008]).
The finding that respondent failed to plan for the child as alleged in paragraph 1b of the petition is vacated because the caseworker testified that respondent agreed to services.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK