Matter of Chandler A. (Carlton A.) (2019 NY Slip Op 00529)





Matter of Chandler A. (Carlton A.)


2019 NY Slip Op 00529


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8194 8193

[*1]In re Chandler A., and Another, Dependent Children Under Eighteen Years of Age, etc., Carlton A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Elenor C. Reid, J.), entered on or about March 27, 2018, which, upon a finding that respondent father neglected the subject children, released the children to the custody of their mother and, inter alia, ordered continuation of respondent's supervised visitation with the children, unanimously affirmed, without costs. Appeal from fact-finding order, same court and Judge, entered on or about October 31, 2017, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]), which showed that respondent physically assaulted the children's mother on Easter Sunday in the children's presence. The mother's testimony that respondent hit her in the face with the back of his hand, punched her in the nose, drawing blood, and yanked her by the hair was corroborated by the elder child's out-of-court statements to the agency caseworker (see Matter of Cristalyn G. [Elvis S.], 158 AD3d 563 [1st Dept 2018]). The court's determination that the mother testified credibly and the father's sweeping denials of physical violence against the mother were not credible is entitled to deference (see Matter of Irene O., 38 NY2d 776 [1975]; Matter of Aaron C. [Grace C.], 105 AD3d 548 [1st Dept 2013]).
The record also demonstrates that the children were at risk of substantial harm due to this single egregious incident of violence (see Matter of Allyerra E. [Alando E.], 132 AD3d 472, 474 [1st Dept 2015], lv denied 26 NY3d 913 [2015]). Both parents admitted that the children were upset; the mother testified that the children were very scared and nervous, that the elder child yelled, "Stop it", during the fight, and that she locked herself and the children in the bathroom to wait for the police (see e.g. Matter of Isaiah D. [Mark D.], 159 AD3d 534 [1st Dept 2018]; Matter of Macin D. [Miguel D.], 148 AD3d 572 [1st Dept 2017]).
The court providently exercised its discretion in denying respondent's request for an adjournment of the dispositional hearing. The court held the hearing over two separate dates during which it gathered testimony from an agency caseworker and collected an updated report on respondent's progress with respect to agency-referred services. Respondent was represented by counsel, had multiple opportunities to be heard, and was heard, by the court, and failed to indicate the necessity for an adjournment.
The court's determination that it is in the best interests of the children that respondent [*2]have only supervised visitation is supported by a preponderance of the evidence (see e.g. Matter of Darren S. [Darren S.], 133 AD3d 534, 535 [1st Dept 2015]; Matter of Marrero v Johnson, 89 AD3d 596 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK