Matter of Kimora D. (Joseph C.--Ojetta T.D.) (2019 NY Slip Op 07851)





Matter of Kimora D. (Joseph C.--Ojetta T.D.)


2019 NY Slip Op 07851


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10245A 10245

[*1] In re Kimora D., A Child Under the Age of Eighteen Years, etc., Joseph C., Respondent-Appellant, Ojetta T.D., Respondent, Administration for Children's Services, Petitioner-Respondent.


The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Ta-Tanisha D. James, J.), entered on or about January 3, 2018, insofar as it brings up for review an amended fact-finding order, same court and Judge, entered on or about May 29, 2018, which found, after a hearing, that respondent neglected the subject child, unanimously affirmed, without costs. Appeal from amended fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Petitioner proved by a preponderance of the evidence that respondent, the child's mother's boyfriend, neglected the child (Matter of Tammie Z., 66 NY2d 1 [1985]; Family Court Act § 1012[f][1]) by exposing her to domestic violence (see Matter of Bobbi B. [Bobby B.], 165 AD3d 587 [1st Dept 2018]; Matter of Moises G. [Luis G.], 135 AD3d 527 [1st Dept 2016]; Matter of Allyera E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]).
The record belies respondent's contention that he was not the aggressor during the July 14, 2016 altercation with the child's mother and that he acted reasonably to protect the then-five-year-old child. The credible testimony shows that both he and the mother were aggressors. The police officer called to the scene of the incident concluded as much and arrested them both, and, according to the child, whose description of the incident was sufficiently corroborated to be considered by the court (see Matter of Nicole V., 71 NY2d 112 [1987]), both adults were fully engaged in the fighting. Respondent himself testified that when the mother pushed him he pushed her back, and he continued to engage with her even after the child repeatedly asked him and the mother to stop fighting.
Respondent's claim that he tried to protect the child is not supported by the record. Respondent fought with the mother after the child repeatedly asked them to stop. He may have been involved in telling the child to stay in the bathroom while he and the mother fought, but this was in any event a dubious protective measure, given the extremely small size of the apartment, as described by the police officer, and the child's almost certain ability to hear the screaming and [*2]struggling over a knife even from behind the bathroom door. Moreover, by entering the bathroom with his fingers lacerated and bloodied by the mother's use of a kitchen knife on him during the altercation, respondent exposed the child to the full extent of the violence between the adults, which she told petitioner's child protective specialist (CPS) scared her.
The record belies respondent's argument that the child was not impaired or in imminent danger of becoming impaired after witnessing the altercation (Family Court Act § 1012[f]). He cites her use of the word "sad," but ignores the fact that the child said she was "scared," and, given her close physical proximity to the altercation, which involved screaming, pushing, biting, and lacerations by knife, the circumstances leave no doubt that the child's emotional and mental health were impaired, or at serious risk of impairment, as a result of what she saw and heard (see e.g. Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]; Matter of Heily A. [Flor F.-Gustavo A.], 165 AD3d 457 [1st Dept 2018]; Matter of Isabella S. [Robert T.], 154 AD3d 606 [1st Dept 2017]).
Respondent argues that the court's aid is not required and therefore the petition should be dismissed pursuant to Family Court Act § 1051(c), because he has no further plans to be in contact with the child. Assuming that respondent raised this argument before Family Court, we reject it. Respondent offers no evidence to support his claim that he has no plans to be in contact with the child ever again, and the record strongly suggests otherwise. Respondent referred to the child as his "baby." He told the CPS and the police officer that he loved the child as though she were his flesh and blood and that he had been with her since day one. The CPS reported that the child perceived respondent as her father, and the mother similarly referred to him as such.
Petitioner proved by a preponderance of the evidence that respondent also neglected the child by misusing alcohol and marijuana (Family Court Act §§ 1012[f][i][B]; 1046[a][iii]). Contrary to respondent's contention that there is no evidence of the frequency or effects of his alcohol use, the child's unrebutted statements to the CPS encompass both points. She told the CPS that respondent drank every day, that his doing so made him sway from side to side and made him "crazy" and "different." Respondent failed to offer evidence to the contrary or a reason to doubt the reliability of the child's statements. Nor did he say that he was in a rehabilitation program so as to render the statutory presumption of neglect based on misuse of alcohol inapplicable (see Family Court Act § 1046[a][iii]). Respondent argues that there is no evidence of the specific effects of his alcohol use on his parenting or treatment of the child. However, given respondent's regular alcohol use, the statute does not require such evidence (see Matter of Nasiim W. [Keala M.], 88 AD3d 452 [1st Dept 2011]). The evidence of respondent's marijuana use includes his own testimony that a normal day for him includes marijuana, and he freely admitted to the CPS that he used marijuana, an unrebutted admission corroborated by the mother's testimony. Respondent failed to rebut petitioner's prima facie case of neglect on this basis by showing that he is in drug rehabilitation (Matter of Shaun H. [Monique B.], 161 AD3d 559 [1st Dept 2018]; Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 519 [1st Dept 2015]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK