Matter of Jermaine K.R. (Jermaine R.--Taerae S.) (2019 NY Slip Op 07859)





Matter of Jermaine K.R. (Jermaine R.--Taerae S.)


2019 NY Slip Op 07859


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10254

[*1] In re Jermaine K.R., and Others, Dependent Children Under the Age of Eighteen Years, etc., Jermaine R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Taerae S., Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Ashley R. Garman of counsel), for respondent.
The Law Office of Steven P. Forbes, Jamaica (Steven P. Forbes of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about December 7, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about October 30, 2018, which found that respondent Jermaine R. neglected subject children Jermaine, Justin, Justina, and Jessica, unanimously affirmed, without costs.
Respondent Jermaine R. is the biological father of subject children Jermaine, Justin, Justina, and Jessica. He is not the father of the subject child Delilah, and ACS did not establish that he was legally responsible for her care. The Family Court found that the ACS CPS caseworker testified credibly that respondent father Jermaine R., respondent mother Taerae S., and the subject child Delilah all admitted to her that the father punched the mother in the face, causing her to have a black eye, in the presence of all five subject children. During the same fight, the father pushed the mother, and the mother hit the father in the back of the head with a drinking glass. The five-year-old child Delilah told ACS that she witnessed the violent physical fight between the parents, she was with her four younger siblings at the time, and one of her siblings began crying immediately as a result of the fight.
"Exposure to domestic violence is a proper basis for a neglect finding where the violence occurred in the child's presence and resulted in physical, mental or emotional impairment or imminent danger thereof" (Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]; Matter of Christy C. [Jeffrey C.], 74 AD3d 561, 562 [1st Dept 2010]). "A single incident where the parent's judgment was strongly impaired and the child was exposed to a risk of substantial harm can sustain a finding of neglect" (Matter of Allyerra E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]; see also Matter of Cristalyn G. [Elvis S.], 158 AD3d 563 [1st Dept 2018]). Here, the five extremely young children were in imminent danger of physical impairment due to their close proximity to the violence (Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]; see Matter of Isabella S. [Robert T.], 154 AD3d 606, 606-607 [1st Dept 2017]). Moreover, that the children were emotionally impaired or in imminent danger thereof as demonstrated by the fact that one child began crying as a result of the fight they witnessed (see Matter of Isaiah D. [Mark D.], 159 AD3d 534, 535 [1st Dept 2018]; [*2]Matter of Macin D. [Miguel D.], 148 AD3d 572, 573 [1st Dept 2017]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK