Matter of Rebecca V. (Diomedes V.) (2020 NY Slip Op 00825)





Matter of Rebecca V. (Diomedes V.)


2020 NY Slip Op 00825


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


30860/15 10945A 10945

[*1] In re Rebecca V., A Child Under Eighteen Years of Age, etc., Diomedes V., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


The Law Office of Steven P. Forbes, Jamaica (Steven P. Forbes of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about December 18, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 7, 2018, which found that respondent father neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding that the father neglected the child during a December 2015 incident was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]). The mother's statements that the father stabbed her, took the child from the home and was driving a grey car were admissible under the present sense impression and excited utterance exceptions to the hearsay rule, because the statements were made to a 911 operator moments after the mother was stabbed in her neck, face and upper extremities, supporting an inference that her statements were so influenced by the excitement and shock of the event that it is probable that she spoke impulsively and without reflection (see People v Rodriguez, 166 AD3d 459, 460 [1st Dept 2018], lv denied 32 NY3d 1209 [2019]).
That the finding was based on a single incident did not preclude the Family Court from entering a finding of neglect, as the father's violence during the December incident demonstrated that his judgment was strongly impaired and exposed the child to a risk of substantial harm (see Matter of Allyerra E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]). Impairment or an imminent danger of impairment to the physical, mental, or emotional condition of the child could be inferred from record evidence that the child was in close
proximity to extreme violence directed against the mother even absent evidence that she was aware of or emotionally impacted by it (see Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK