Matter of David W. (Patricio W.) (2021 NY Slip Op 00734)





Matter of David W. (Patricio W.)


2021 NY Slip Op 00734


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


938 CAF 19-00356

[*1]IN THE MATTER OF DAVID W. AND ELIZABETH A. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; PATRICIO W., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
DENISE J. MORGAN, UTICA, FOR PETITIONER-RESPONDENT.
PAUL A. NORTON, CLINTON, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered January 28, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent neglected one of the subject children and derivatively neglected the other subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: In these consolidated appeals arising from combined proceedings pursuant to Family Court Act article 10, respondent appeals in appeal No. 1 from an order that, inter alia, adjudged that he neglected one subject child and derivatively neglected a second subject child and, in appeal No. 2, he appeals from an order that, inter alia, adjudged that he derivatively neglected a third subject child. Contrary to respondent's contention in both appeals, Family Court did not err in admitting testimony concerning certain out-of-court statements made by the mother of the youngest two subject children (mother) to two caseworkers and a police officer. The statements made to the caseworkers were admitted only to complete the narrative, not for the truth of the matter asserted (see Matter of Aliyah M. [Lynnise M.], 159 AD3d 1564, 1565 [4th Dept 2018], lv denied 31 NY3d 911 [2018]; see generally People v Medley, 132 AD3d 1255, 1256 [4th Dept 2015], lv denied 26 NY3d 1110 [2016], reconsideration denied 27 NY3d 967 [2016]), and the statement made to the officer was properly admitted under the excited utterance exception to the hearsay rule (see Matter of Rebecca V. [Diomedes V.], 180 AD3d 413, 413-414 [1st Dept 2020]; Matter of Kirkpatrick v Kirkpatrick, 137 AD3d 1695, 1696 [4th Dept 2016]; see generally People v Caviness, 38 NY2d 227, 230-232 [1975]). The mother made the statement to the officer within minutes after respondent, who is the father of the youngest and the oldest subject children, twice rear-ended the vehicle she was driving with the vehicle he was driving, and the officer testified that the mother was visibly upset and teary-eyed at the time of the statement.
However, we agree with respondent in both appeals that the court erred in denying his motion to dismiss the petitions at the close of petitioner's case inasmuch as petitioner failed to meet its burden of establishing neglect with respect to the youngest child and derivative neglect with respect to the two other subject children. "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . , first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]). " 'Where a motion is made by the respondent at the close of the petitioner's case to dismiss a neglect petition, [the court] must determine whether the petitioner presented a prima facie case [*2]of neglect . . . , viewing the evidence in [the] light most favorable to the petitioner and affording it the benefit of every inference which could be reasonably drawn from the proof presented' " (Matter of Lacey-Sophia T.-R. [Ariela (T.)W.], 125 AD3d 1442, 1444 [4th Dept 2015]).
Here, the court based its findings of neglect and derivative neglect on its determination that respondent rear-ended the mother's vehicle with his vehicle while the youngest child was present in his vehicle. According to the mother's testimony, she spoke to respondent before the incident, and he told her that the youngest child was with him and that he had planned to drop that child off with a caretaker. The mother did not approve of the caretaker, however, and so she called respondent's parents to enlist their assistance in having respondent return the youngest child to her. The mother further testified that, approximately 20 minutes after speaking to respondent's parents, respondent called the mother and told her to meet him in a parking lot. The mother testified that she believed the purpose of the meeting was for respondent to drop the youngest child off with her but, when the mother arrived at the parking lot, respondent refused to give her the child. Respondent remained in his vehicle during the meeting, and the mother was unable to see inside his vehicle while she was talking to him and also did not hear the child. The mother then drove out of the parking lot and respondent followed her, striking her vehicle twice with his vehicle. The mother testified that she believed the child was in respondent's vehicle at the time of the incident, and that was why she called the police, but she did not know that the child was actually present in respondent's vehicle at that time. Similarly, the police officer testified regarding the mother's excited utterance immediately following the incident, i.e., that the mother told him that the child had been in respondent's vehicle.
Viewing the evidence in the light most favorable to petitioner, we conclude that petitioner failed to establish a prima facie case of neglect based on the presence of the youngest child in respondent's vehicle when the incident occurred. Although the mother believed at the time of the incident that the child was with respondent, her testimony did not establish that the child was actually present. Indeed, she did not testify that respondent had told her that the child was with him when he asked her to meet, nor did she testify that he had told her that the purpose of the meeting was to drop the child off with her. The officer's testimony also does not establish that the child was present in respondent's vehicle at the time of the incident inasmuch as the officer merely repeated the mother's belief regarding that child's presence at the time of the incident without providing additional detail. Consequently, petitioner failed to establish that the youngest child's physical, mental, or emotional condition was actually impaired or that there was imminent danger, i.e., danger that was "near or impending, not merely possible," of the child's condition becoming impaired (Nicholson, 3 NY3d at 369; see generally Matter of Jordyn WW. [Tyrell WW.], 176 AD3d 1348, 1349 [3d Dept 2019]; Matter of Daphne G., 308 AD2d 132, 135-136 [1st Dept 2003]), and petitioner likewise failed to establish that respondent derivatively neglected the other subject children (see Matter of Dalia G. [Frank B.], 128 AD3d 821, 824 [2d Dept 2015]; see generally Matter of Raymond D., 45 AD3d 1415, 1416 [4th Dept 2007]). We therefore reverse the orders and dismiss the petitions.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court