Matter of Malia A. (Dwayne T. M.--Shaguira M. B.) (2023 NY Slip Op 00815)

Matter of Malia A. (Dwayne T. M.--Shaguira M. B.)

2023 NY Slip Op 00815

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Docket No. NN-17856/17 NN-17857/17 Appeal No. 17325-17325A Case No. 2021-03766 

[*1]In the Matter of Malia A. and Another, Children Under Eighteen Years of Age, etc., Dwayne T. M. Respondent-Appellant, Shaguira M. B. Respondent, Administration for Children's Services, Petitioner-Respondent. 

Steven N. Feinman, White Plains, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

Order of fact-finding, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about August 26, 2019, which, to the extent appealed from, after a fact-finding hearing, determined that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from order of disposition, same court (Ashley B. Black, J.), entered on or about July 15, 2021, unanimously dismissed, without costs, as taken from a nonappealable order.
The court erred in making a finding of neglect based on the father's mental illness, as this basis for neglect was not alleged in the petition, and the father was not given notice or an opportunity to respond before the court sua sponte amended the allegations to conform to the proof (see Family Ct Act § 1051 [b]; Matter of Vallery P. [Jondalla P.], 106 AD3d 575, 575 [1st Dept 2013]). Nevertheless, a finding of neglect was warranted, as the allegations in the petition were supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][A], [B]; 1046[b][i]).
The credible testimony of the officer who responded to the mother's 911 call established that the children were subjected to actual or imminent danger of physical or emotional impairment as a result of their exposure to the father's acts of domestic violence where the father acted aggressively toward the mother in the presence of the children and, when the police proceeded to arrest him, held one of the children in the air by the child's arm for approximately five minutes, while using the child as a human shield in an attempt to avoid arrest (see Family Ct Act § 1012[f][i]; Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]; Matter of Madison M. [Nathan M.], 123 AD3d 616, 617 [1st Dept 2014]). A single incident of domestic violence is sufficient to establish neglect (see Matter of Jaiden M. [Jeffrey R.], 165 AD3d 571, 572 [1st Dept 2018]). The child protective specialist's observations of unsanitary conditions and lack of electricity and food in the apartment during an unrelated visit further supported the finding of neglect (see Matter of Qualiayah J. [Taneka J.], 149 AD3d 495, 496 [1st Dept 2017], lv denied 29 NY3d 913 [2017]; Matter of Alex R. [Maria R.], 81 AD3d 463, 463 [1st Dept 2011]). 
The father's appeal from the dispositional order is dismissed, as no appeal lies from an order entered on consent (see Matter of Shaniyah D.C. [Olivia C.], 143 AD3d 608, 608 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023