Matter of Amelia A. (Saul A.) (2024 NY Slip Op 00018)

Matter of Amelia A. (Saul A.)

2024 NY Slip Op 00018

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Docket No. N7289/20 Appeal No. 1338 Case No. 2023-00543 

[*1]In the Matter of Amelia A., A Child Under Eighteen Years of Age, etc., Saul A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Center for Family Representation, Inc., New York (Emily S. Wall of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elina Drucker of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order of disposition, Family Court, New York County (Maria Arias, J.), entered on or about January 25, 2023, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about February 17, 2023, which, after a hearing, determined that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding that the father neglected the child by assaulting the mother while the child was in the home was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The father assaulted the mother while she was sleeping on the couch in their living room, causing serious injuries that required the mother to seek emergency treatment at a hospital, which led to the father's arrest. The infant child was sleeping in the bedroom and, according to the parents' testimony, did not wake up until police arrived. Although the finding of neglect was based on a single incident, "a single instance of domestic violence may be a proper basis for a finding of neglect" (Matter of Esther N., [Onyebuchi N.] 206 AD3d 564, 564 [1st Dept 2022]). Here, it is undisputed that the physical altercation lasted approximately 7-12 minutes. The severity of the mother's injuries, including a broken nose, caused her to fear for her life and flee the home to seek help. This prolonged violence demonstrated that the father's judgment was strongly impaired, and the child was exposed to a risk of substantial harm (see Matter of Allyerra E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]). Further, imminent danger of physical harm to a child who is in proximity to violence directed at a parent can be inferred even in the absence of evidence that the child was "aware of the incident or emotionally affected by it" (Matter of Esther N., 206 AD3d at 565; Matter of Athena M.[Manuel M.T.], 190 AD3d 644, 644 [1st Dept 2021]; Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429, 429 [1st Dept 2019]). Accordingly, Family Court correctly found that the father neglected the infant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024