Matter of M.G. v Marquise G. (2025 NY Slip Op 00291)

Matter of M.G. v Marquise G.

2025 NY Slip Op 00291

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Docket No. NN-6499/23 Appeal No. 3526 Case No. 2024-02938 

[*1]In the Matter of M.G., A Child Under the Age of Eighteen Years, etc., Administration for Children's Services, Petitioner-Respondent,
v
Marquise G., Respondent-Appellant.

Steven N. Feinman, White Plains, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Valerie A. Pels, J.), entered on or about April 3, 2024, which, after a hearing, determined that appellant father neglected the subject child, unanimously affirmed, without costs.
The mother's fact-finding testimony, which Family Court credited, was sufficient to establish that the child was subject to actual or imminent danger of injury or impairment to his emotional and mental condition as a result of his exposure to domestic violence between the father and the mother (see Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]). The mother testified that during an incident in 2021, and on July 9, 2023, the father choked her while the child was present. The fact that the domestic violence occurred in close proximity to the child, who was approximately 10 feet away in a bedroom during the July 2023 incident, permits an inference of impairment or imminent danger of impairment even in the absence of evidence that he was aware of it or emotionally affected by it (see Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 644 [1st Dept 2021]; Matter of Isabella S. [Robert T.], 154 AD3d 606, 606-607 [1st Dept 2017]).
The mother's testimony also demonstrated that the father engaged in a pattern of verbally abusing her while the child was present, which placed him in imminent risk of emotional and physical impairment (see Matter of Angie G. [Jose D.G.], 111 AD3d 404, 404-405 [1st Dept 2013]; Matter of Edward C.L., 292 AD2d 282, 283 [1st Dept 2002]). Contrary to the father's contention, the hearsay rule does not apply to the child's out-of-court statements telling him to "stop saying that." ACS did not offer those statements for their truth but for the legitimate, nonhearsay purpose of showing that the child understood and reacted to his father's demeaning comments to his mother (see People v Becoats, 17 NY3d 643, 655 [2011], cert denied 566 US 964 [2012]; People v Cromwell, 71 AD3d 414, 415 [1st Dept 2010], lv denied 15 NY3d 803 [2010]).
Family Court properly drew the strongest negative inference from the father's failure to testify at the fact-finding hearing (see Matter of Zelda McM. [Patrick L.-O. McM.], 154 AD3d 573, 574 [1st Dept 2017]). The father's out-of-court statements, as testified to by the mother, were admissible as an admission against interest of a party, and the court properly inferred that he implicitly admitted that those statements were true (see Matter of Adonis H. [Enerfry H.], 198 AD3d 478, 479 [1st Dept 2021]). There is no basis for disturbing the court's determination that the mother's testimony was credible (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Elijah C., 49 AD3d 340 [1st Dept 2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025