In the Matter of JEREMY M., JR., and Another, Children Alleged to be Neglected. ROQUE A.M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [42 NYS3d 807]—

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about December 9, 2014, insofar as it determined, after a hearing, that respondent father neglected the subject children, unanimously affirmed, without costs.

The children's corroborated statements to the caseworker about the father's alcohol abuse and its effect upon them were appropriately considered as evidence supporting the finding of neglect (Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118-119 [1987]). Moreover, they established by a preponderance of the evidence the presumption that the father neglected the children (Family .Ct Act § 1046 [a] [iii]; *Matter of Nasiim W. [Keala M.]*, 88 AD3d 452, 453-454 [1st Dept 2011]), obviating the need to establish the children's impairment or risk of impairment (*Matter of Christina G. [Vladimir G.]*, 100 AD3d 454, 455 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]).

The father failed to rebut the statutory presumption that he neglected the children. He did not testify or present any evidence to support his statement to the caseworker that he was "voluntarily and regularly participating in a recognized rehabilitative program" (Family Ct Act § 1046 [a] [iii]; *Matter of Nyheem E. [Jamila G.]*, 134 AD3d 517, 519 [1st Dept 2015]; *Matter of Keoni Daquan A. [Brandon W.—April A.]*, 91 AD3d 414, 415 [1st Dept 2012]; *Matter of Nasiim W. [Keala M.]*, 88 AD3d at 453-454). Because he did not testify, the court was permitted to draw the strongest inference against him that the opposing evidence permitted (*Matter of Nadia S. [Ron S.]*, 138 AD3d 526, 527 [1st Dept 2016]; *Matter of Michael P. [Orthensia H.]*, 137 AD3d 499, 500 [1st Dept 2016]). Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.