Matter of Matthew T. (Tiffany S.) (2020 NY Slip Op 00216)





Matter of Matthew T. (Tiffany S.)


2020 NY Slip Op 00216


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10744

[*1] In re Matthew T., A Child Under the Age of Eighteen Years, etc., Tiffany S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), and Wilmer Cutler Pickering Hale and Dorr LLP, New York (Adam Amir of counsel), attorneys for the child.



Order of disposition, Family Court, Bronx County (Elenor C. Reid, J.), entered on or about December 10, 2018, which, inter alia, after a hearing, determined that respondent mother neglected the subject child, unanimously affirmed, without costs.
The finding of neglect was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f]; 1046[b]). Respondent was found on the street rolling on the ground, laughing and talking to herself in the rain with the then-infant child. She appeared incoherent and her bizarre behavior was associated with intoxication (see Matter of Pedro C. [Josephine B.], 1 AD3d 267 [1st Dept 2003]). The evidence further established that respondent's intoxication was part of a long-standing pattern of substance abuse. The mother had prior neglect findings entered against her on behalf of her four older children, which resulted in her permanent loss of custody of those children (see e.g. Matter Oscar Alejandro C.L. [Nicauris L.], 161 AD3d 705, 706 [1st Dept 2018]). Furthermore, respondent failed to introduce competent evidence of her participation in a drug treatment program (see Matter of Jeremy M. [Roque A.M.], 145 AD3d 637, 638 [1st Dept 2016]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK