Matter of Adam T. (Artur T.--Asai G.) (2020 NY Slip Op 05167)





Matter of Adam T. (Artur T.--Asai G.)


2020 NY Slip Op 05167


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Docket No. NN07496/18 Appeal No. 11886 Case No. 2019-03436 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]In re Adam T., A Child Under Eighteen Years of Age, etc., Artur T. Respondent-Appellant, Asai G., Respondent, Administration for Children's Services, Petitioner-Respondent.


Steven P. Forbes, Jamaica, for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order of fact-finding and disposition (one paper), Family Court, New York County (Patria Frias-Colon, J.), entered on or about August 14, 2019, which, after a hearing, found that respondent father neglected the subject child due to untreated mental illness and misuse of drugs and alcohol, and directed supervised parenting time and mandated services pertaining to substance abuse and parenting skills, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's finding that the child was neglected, since the child was at imminent risk of harm due to the father's untreated mental condition and substance abuse (see Matter of Cerenithy Ecksthine B. [Christian B.], 92 AD3d 417 [1st Dept 2012]; Family Ct Act §§ 1012[f]; 1046). The father was repeatedly observed engaging in bizarre and aggressive behavior by the staff of the homeless shelter where the family was residing. The father admitted to being diagnosed with bipolar disorder/schizophrenia for which he was not treated, and that he consumes alcohol daily and uses illegal drugs without participating in any substance abuse program (see Matter of Matthew T. [Tiffany S.], 179 AD3d 464 [1 st Dept 2020]). The evidence further demonstrated that the child was placed at imminent risk of harm as a result of the father's behavior and untreated mental illness and substance abuse, as the young child was found wandering alone in the shelter where the family resided and the father failed to take responsibility, instead incorrectly blaming shelter staff for leaving a broken lock on the unit (see Matter of Jarrett SS. [Jade TT.-Scott SS.], 183 AD3d 1031 [3d Dept 2020]; see also Matter of Caress S., 250 AD2d 490 [1 st Dept 1998]).
Since the father's trial counsel consented to the admission of Department of Homeless services records, any claim of inadmissibility is unpreserved for review (see Matter of Samantha M. [Allison Y.], 112 AD3d 421, 422 [1 st Dept 2013]). In any event, other evidence, including the testimony of the caseworker, provided support for the neglect finding.
By its terms, the order of disposition expired on August 14, 2020 and thus, the father's claims regarding the court's disposition are moot (see Matter of Adena I. [Claude I.], 91 AD3d 484 [1 st Dept 2012]). In any event, the court providently directed
the father to participate in services addressing the issues that resulted in the neglect finding and in limiting the father's contact with the child to supervised visitation.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020