Matter of Gelani M. (Paul M.) (2023 NY Slip Op 06442)

Matter of Gelani M. (Paul M.)

2023 NY Slip Op 06442

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. N4269/20 Appeal No. 1223-1223A Case No. 2022-03772 

[*1]In the Matter of Gelani M., A Child Under the Age of Eighteen Years, etc., Paul M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Bruce A. Young, Edgewater, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), Attorney for the child.

Order of disposition, Family Court, Bronx County (Ashley B. Black, J.), entered on or about August 9, 2022, which, insofar as appealed from as limited by the briefs, released the subject child to the nonrespondent mother's custody and, among other things, ordered respondent father to complete parenting skills and other services, upon a fact-finding determination that the father neglected the subject child, unanimously affirmed, without costs. Appeal from order of fact-finding, same court and justice, entered on or about March 7, 2022, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports Family Court's determination that the father neglected the subject child (Family Ct Act § 1012[f][i][B]). A finding of neglect may be based on a single incident where the parent's judgment was strongly impaired and the child exposed to a risk of substantial harm (see Matter of Allyera E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]; Matter of Madison M. [Nathan M.], 123 AD3d 616, 616 [1st Dept 2014]). Here the record reflects two such incidents.
The first incident occurred when the subject child was about 15 months old. On February 12, 2020, the father left the child unattended in the lobby of a friend's apartment building. A building resident called the police. The police arrived and waited for the father at the building lobby for 45 minutes. When the father did not appear, the police removed the child from the premises and contacted Administration for Children's Services. Family Court properly found this to constitute neglect by the father (see Matter of Jesiel C.V. [Rosalie V.], 189 AD3d 568, 568 [1st Dept 2020], lv denied _NY3d_ 2021 NY Slip Op 63571 [2021]; Matter of Malachi H. [Dequisa H.], 125 AD3d 478 [1st Dept 2015]).
The second incident occurred on November 9, 2020, when the father and a friend physically assaulted the mother's boyfriend, and threatened the boyfriend with a knife, while the mother, the boyfriend, and the child were waiting at a bus stop. The assault unfolded as the child was in his stroller 10-15 feet away. Family Court properly found these acts of violence in the child's presence to have constituted neglect on the father's part. (Matter of M.D. [Mustapha D.], 217 AD3d 541, 541 [1st Dept 2023]; Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]).
The father's assertions on appeal are unavailing. With respect to the February 12, 2020, incident, the father avers that he left the child with a woman whom he knew to be a responsible caregiver, but his argument is unsupported by any evidence. As to the November 9, 2020, incident, he offers no support for his conclusory assertion that the child was "safely" in his stroller, or was somehow unaffected because the boyfriend was not his parent. There is no reason to disturb Family Court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [*2][1975]; see also Matter of Destiny R. [Rene G.], 212 AD3d 629, 630 [2d Dept 2023]), and his claim that these incidents cannot evidence neglect because the child suffered no physical harm is also unavailing (see Family Ct Act § 1012[f][i]; Matter of O'Ryan Elizah H., 171 AD3d at 429; Matter of Macin D. [Miguel D.], 148 AD3d 572, 573 [1st Dept 2017]).
Family Court properly drew a negative inference from the father's failure to testify (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Daniela P.C. [Maria C.A.], 166 AD3d 423 [1st Dept 2018]; Matter of Jeremy M. [Roque A.M.], 145 AD3d 637 [1st Dept 2016]). In any event, Family Court held it would have reached the same determinations as to disposition without the inference.
The father's arguments concerning Family Court's granting leave to ACS to amend the petition are not properly before us, as such leave was granted by order dated January 13, 2021, from which he did not appeal (see e.g. Valley Natl. Bank v Gurba, 149 AD3d 412, 413 [1st Dept 2017]). The arguments are, in any event, unavailing, as he was not prejudiced by the amendment.
The court "providently directed the father to participate in services addressing the issues that resulted in the neglect finding" (Matter of Adam T. [Artur T.], 186 AD3d 1179, 1180 [1st Dept 2020]). He offers no support for his claim that the court should have released the child to both parents since they can co-parent safely.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023