■ In the Matter of ANN RADER TROITINO JOHNSTON, Admitted as ANN RADER TROITINO.—Upon remittitur from the Court of Appeals, matter remanded to petitioner for a hearing, and respondent suspended, as indicated in the order of this court. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Smith, JJ.

### (July 26, 1990)

■ In the Matter of SYNOVIA G. and Others, Children Alleged to be Neglected. ANNETTE S., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent, et al., Respondent.—Final order of disposition, Family Court, New York County (Bruce Kaplan, J.), entered on or about January 10, 1989, which placed appellant's grandchildren in the custody of petitioner, Commissioner of Social Services, is unanimously affirmed, without costs.

The Commissioner of Social Services charged that respondent smoked marihuana, left her grandchildren with their natural mother, a crack addict, and threatened her daughter with a meat cleaver while the children were present. Roberta Nelson, while working as a homemaker between the hours of 8:00 A.M. to 4:00 P.M., testified at the fact-finding hearing that she witnessed the above events. The respondent did not appear at the hearing.

In view of the above facts the court did not err in finding that the respondent neglected her grandchildren. (Family Ct Act § 1012 [f] [i] [B].) Proof that a caretaker repeatedly misuses a drug is prima facie evidence of neglect. (Family Ct Act § 1046 [a] [iii]; *see, Matter of Theresa J.,* 158 AD2d 364.) Here, the evidence of respondent's use of marihuana, leaving the children alone with their mother, a crack user, and chasing the mother with a meat cleaver, was sufficient to support a finding of neglect under the statute. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.