■ In the Matter of Kazmir K., a Child Alleged to be Neglected. Marcus K., Appellant; Administration for Children's Services, Respondent. [882 NYS2d 402]—

Order of fact-finding and disposition (one paper), Family Court, New York County (Sara P. Schechter, J.), entered on or

about February 21, 2008, which determined that appellant had neglected his son, Kazmir K., and directed that the child be released to his father's custody, under supervision of a child protective agency, for a period of one year, unanimously affirmed insofar as it brings up for review the fact-finding determination, and the appeal otherwise dismissed as moot, without costs.

The law guardian's challenge to the disposition is moot, since the order has expired, along with the agency supervision, and Kazmir remains in his father's custody (*see Matter of Lashina P.,* 52 AD3d 293, 293 [2008]).

The finding that appellant neglected his son was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The hospital records submitted comprised clear evidence of a long history of mental illness on the father's part, including prior suicide attempts (*see Matter of Zariyasta S.,* 158 AD2d 45, 47-48 [1990]). Appellant's problems culminated in another suicide attempt on August 7, 2007, which resulted in appellant being hospitalized for three days. Despite his history of suicide attempts, including prior hospitalization, appellant made no plans for the care of his 13-year-old son during his hospitalization. This presented an imminent risk of harm to his son, who, unsupervised, quickly left the hospital by himself and went to a friend's house (*see Lashina P.,* 52 AD3d at 293; *Matter of Pedro C.,* 1 AD3d 267, 268 [2003]). The finding of neglect is strengthened by the negative inference properly drawn against the father from his failure to testify at the fact-finding hearing (*see Matter of Daniel D.,* 57 AD3d 444, 444 [2008]; *Matter of Devante S.,* 51 AD3d 482 [2008]). The father's clear concern for his son, amply reflected in both the medical records and the testimony of the Administration for Children's Services child protective specialist, does not obviate the risk of imminent harm posed to his son by his failure to plan (*see Matter of Caress S.,* 250 AD2d 490 [1998]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ.