■ In the Matter of MESSIAH T. and Another, Infants. KAREN S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [942 NYS2d 344]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about August 16, 2010, which, to the extent appealed from as limited by the briefs, brings up for review a fact-finding determination that respondent mother had neglected the subject children, unanimously affirmed, without costs.

A preponderance of the evidence supports the finding that respondent neglected the children by failing to provide proper supervision or guardianship (see Family Ct Act § 1012 [f] [i] [B]). Indeed, respondent admitted that she had left the children in the care of their maternal grandmother, who had a history of drug addiction, and her ex-boyfriend, who had a history of drug abuse and domestic violence, and was on parole for drug possession (see Matter of Victor V., 261 AD2d 479, 479-480 [1999], lv denied 93 NY2d 819 [1999]; Matter of Synovia G., 163 AD2d 257 [1990]). In addition, respondent acknowledged that she was a recreational drug user and admitted testing positive for narcotics. Although respondent was enrolled in a drug treatment program, the record shows that she tested positive for drug use while participating in the program, thereby establishing imminent risk to the children's physical, mental and emotional condition (see Family Ct Act § 1012 [f] [i] [B]; Matter of Keira O., 44 AD3d 668, 670-671 [2007]). The finding of neglect is also supported by evidence that respondent was aggressive with petitioner's staff, and had failed to continue treatment for her mental illness despite suicidal thoughts (see Matter of Kayla W., 47 AD3d 571, 572 [2008]; Matter of Caress S., 250 AD2d 490 [1998]). Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.