Order of disposition, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about December 24, 2012, which, upon a fact-finding determination of neglect, placed the child with petitioner until the completion of the next permanency hearing, unanimously affirmed, insofar as it brings up for review *515 the fact-finding determination, and the appeal therefrom otherwise dismissed as moot, all without costs. Appeal from fact-finding order, same court (Rhoda J. Cohen, J.), entered on or about August 29, 2012, unanimously dismissed, without costs, as superseded by the appeal from the order of disposition.
The finding of neglect against respondent mother is supported by a preponderance of the evidence. Although referred for substance abuse and mental services, the mother failed to attend, citing a lack of a substance abuse problem, although she admitting to smoking marijuana, but “not all the time” in her daughter’s presence, and drinking to the point of black out on a recent occasion. Further, on that occasion, the mother became so intoxicated that she was psychiatrically hospitalized for an “alcohol induced mental disorder.” A single incident in which a parent’s “judgment was strongly impaired and the child exposed to a risk of substantial harm” can sustain a finding of neglect (see Matter of Isaiah M. [Antoya M.], 96 AD3d 516, 517 [1st Dept 2012]).
We reject the mother’s contention that she did not neglect the child on the occasions when she used drugs or alcohol, because she provided proper supervision by leaving her daughter with others, including her maternal grandmother. However, the record indicates that the child was present on some occasions. Further, the maternal grandmother had a history of yearly psychiatric hospitalizations resulting from failure to take her medications (see Matter of Messiah T. [Karen S.], 94 AD3d 566 [1st Dept 2012]).
The agency also showed, by a preponderance of the evidence, that if the “child were released to the mother there would be a substantial probability of neglect” that would place the child at risk, since the then 18-year-old mother testified that she herself had been diagnosed with bipolar disorder at age 12 or 13 years old, and had ceased taking any medication to treat it. Further, the record establishes that the mother had been hospitalized twice for suicide attempts (see Matter of Kazmir K., 63 AD3d 522 [1st Dept 2009]; Matter of Messiah T., 94 AD3d at 566). Since the consequences of the proceedings are temporary rather than permanent, “the absence of a diagnosed condition does not preclude a finding of neglect,” and expert testimony was not required (see Matter of Danielle M., 151 AD2d 240, 243 [1st Dept 1989]; Matter of Jonathan S. [Ismelda S.], 79 AD3d 539 [1st Dept 2010]). Concur — Mazzarelli, J.E, Saxe, Moskowitz, DeGrasse and Gische, JJ.