█ In the Matter of MICHAEL P., JR., a Child Alleged to be Neglected. ORTHENSIA H., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [27 NYS3d 123]—

Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about July 30, 2014, to the extent it brings up for review an order, same court and Judge, rendered July 16, 2014, determining, after a hearing, that the mother had neglected the subject child based upon her failure to provide proper supervision and guardianship due to her mental illness, which actually impaired her ability to care for the child, unanimously affirmed, without costs. Appeal from fact-finding order, same court and Judge, entered on or about July 16, 2014, which found that respondent father had neglected the subject child unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The court properly determined that petitioner proved by a preponderance of the evidence that the mother had neglected the child by reason of her untreated mental illness and failure to provide adequate supervision and guardianship, which created a "substantial probability" that the child would be placed at "imminent risk of harm" if placed in her care (*Matter of Cerenithy Ecksthine B. [Christian B.]*, 92 AD3d 417, 417 [1st Dept 2012]; *see Matter of Devin M. [Margaret W.]*, 119 AD3d 435, 436 [1st Dept 2014]; *Matter of Immanuel C.-S. [Debra C.]*, 104 AD3d 615 [1st Dept 2013]). The hospital records and caseworkers' testimony indicate that the mother suffers from paranoid delusions, evidenced by her belief that her neighbors were talking about her and harassing her, and that she is friends with an international pop star. That evidence also demonstrated that, although the child's teeth were visibly decayed, the mother failed to seek dental care for him, demonstrating her failure to provide him with basic dental care (*id.*).

"Contrary to the mother's contention, expert testimony regarding how her mental illness affected her ability to care for the child[ ] was not required" (*Matter of Jonathan S. [Ismelda S.]*, 79 AD3d 539, 539 [1st Dept 2010]). Further, the mother's failure to testify at the fact-finding hearing entitled the court to draw the strongest inference against her that the evidence permitted, which the mother acknowledges (*Matter of Kazmir K.*, 63 AD3d 522 [1st Dept 2009]). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.