Matter of Kahlani G. (Kalesky G.) (2020 NY Slip Op 07703)





Matter of Kahlani G. (Kalesky G.)


2020 NY Slip Op 07703


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Docket No. NN-15506/17 Appeal No. 12717 Case No. 2019-05118 

[*1]In re Kahlani G., A Child Under Eighteen Years of Age, etc., Kalesky G. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Michael R. Mislap, J.), entered on or about October 25, 2019, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about October 7, 2019, which found that respondent-mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the subject child (see Family Ct Act §§ 1012[f][i][B]; 1046[b]). At the time the petition was filed, the mother was no longer voluntarily enrolled in a drug treatment program. During the late term of her pregnancy, the mother also used drugs and the child was born with an abnormal fetal heart rate status and tested positive for cocaine (see e.g. Matter of Keira O., 44 AD3d 668, 670 [2d Dept 2007]). Further, the record shows that the mother had a history of prior failed treatment, including previously unsuccessful attempts at abstinence and a demonstrated inability to complete drug treatment (see Matter of Messiah T. [Karen S.], 94 AD3d 566, 566 [1st Dept 2012]). The mother relapsed several times and showed no meaningful compliance with treatment (see Matter of Keira O., 44 AD3d at 670).
Contrary to the mother's argument, she failed to rebut the inference of neglect. No evidence was submitted that she never used or was never under the influence of drugs in the child's presence or that all of the child's needs were being addressed by her (compare Matter of Royal P. [Danny P.], 172 AD3d 533, 533 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020