Matter of C.B., III (Tiffany S.) (2024 NY Slip Op 01246)

Matter of C.B., III (Tiffany S.)

2024 NY Slip Op 01246

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Docket No. NN-00237/21 Appeal No. 1815-1815A Case No. 2023-02000 

[*1]In the Matter of C.B., III, A Child Under Eighteen Years of Age, etc., Tiffany S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Andrew J. Baer, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.
Janet Neusteatter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Ashley B. Black, J.), entered on or about April 20, 2023, to the extent it brings up for a review a fact-finding order, same court and Judge, entered on or about January 5, 2023, which, after a hearing, found that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), which shows that the mother's untreated mental illness placed the child's physical, mental, and emotional condition at imminent risk of becoming impaired (see Matter of Michael P. [Orthensia H.], 137 AD3d 499, 500 [1st Dept 2016]; Matter of Immanuel C.-S. [Debra C.], 104 AD3d 615 [1st Dept 2013]). Petitioner agency's caseworker testified that the mother appeared to be erratic and having auditory hallucinations when he spoke to her, as she kept stating "that the police radio was saying that the child was being sexually abused," which never happened. Furthermore, the agency's case notes in evidence reflected that the mother told a caseworker that she had spoken to doctors regarding her thoughts but was no longer speaking to doctors and that the mother's unfounded fears that the child was being sexually abused by his father caused her to take the child to the hospital where he received an unnecessary examination and the child later was subjected to a forensic interview with a detective and caseworkers regarding her allegations (see Matter of Leilani D. [Linsford D.], 190 AD3d 478 [1st Dept 2021]). The mother's out-of-court statements as testified to by the caseworker and in the case notes in evidence were admissible as a party admission (see Matter of Maxwell P. [Katherine S.], 196 AD3d 416, 417 [1st Dept 2021]).
Although the mother testified at the fact-finding hearing, she did not deny that she told caseworkers, as reflected in the case notes, that she took the child to the hospital where he was medically examined because she believed the father sexually abused him. She also did not refute the caseworker's testimony concerning her apparent auditory hallucinations or that she told him and others that the child was being sexually abused by the father, which caused petitioner to have the child interviewed about those allegations the next day.
Contrary to the mother's contention, her making repeated unfounded allegations that the father was sexually abusing the child presented an imminent danger of emotional or mental impairment to the child and did not meet the minimum degree of care required of a reasonable and prudent parent (see Matter of Ava M. [Michelle E.-M.], 127 AD3d 975, 975 [2d Dept 2015]; Matter of Salvatore M. [Nicole M.], 104 AD3d 769, 769 [2d Dept 2013], lv denied 21 NY3d 858 [2013]). Petitioner was not obligated to prove that the child suffered past or present [*2]harm, because the evidence demonstrated that he was at risk of harm based on demonstrable conduct by the mother (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79-80 [1995]). The absence of evidence that the mother had a diagnosed condition does not preclude a finding of neglect (see Matter of Zariyasta S., 158 AD2d 45, 48 [1st Dept 1990]). Family Court was in the best position to observe the witnesses and assess their demeanor. Thus, there is no basis to disturb its credibility determinations (see Matter of Mariah B. [Nigel M.], 178 AD3d 622, 623 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024