Matter of V.B. v Nicole A. (2024 NY Slip Op 05043)

Matter of V.B. v Nicole A.

2024 NY Slip Op 05043

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Docket No. N11704/20 Appeal No. 2814, 2814A Case No. 2023-03548 

[*1]In the Matter of V.B., A Child Under the Age of Eighteen Years, etc., Administration for Children's Services Petitioner-Respondent,
v
Nicole A., Respondent-Appellant, Zoa B., Respondent.

Steven N. Feinman, White Plains (Steven N. Feinman of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Andrew T. Ford of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about April 3, 2023, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 31, 2023, which, after a hearing, determined that respondent mother neglected the subject child, unanimously affirmed, without costs.
The finding that the mother neglected the child on December 15, 2020 by engaging in an altercation with the father while the child was present is supported by a preponderance of the evidence. The police officer's fact-finding testimony establishes that when he arrived at the train station within 10 minutes of being assigned to respond to the mother's 911 call that day, the mother and the child's father accused each other of hitting the other. Both were arrested for domestic violence, requiring the police to remove the then three-year-old child to the hospital to ensure the child's safety. That the domestic violence occurred near the child, who was awake at the time, and crying in the stroller, permits an inference of impairment or imminent danger of impairment (see Matter of Athena M. [Manuel M.T.], 190 AD3d 644, 644 [1st Dept 2021]; Matter of Madison M. [Nathan M.], 123 AD3d 616, 617 [1st Dept 2014]). Contrary to the mother's contention, the record does not show that Family Court relied on documents from her dismissed criminal case in finding she neglected the child. Instead, the record indicates that Family Court credited the police officer's testimony, which was based upon his personal recollection.
Furthermore, a preponderance of the evidence showed that the mother failed to provide the child with adequate dental hygiene and care. The child's medical records establish that the child was found with "severe dental caries" after being examined at the hospital on December 15, 2020 (see Matter of Michael P. [Orthensia H.], 137 AD3d 499, 500 [1st Dept 2016]). Although the mother appeared for the fact-finding hearing, she failed to testify or submit any evidence demonstrating how she was maintaining the child's dental hygiene and providing the child with appropriate dental care before the petition was filed against her. Family Court properly drew the strongest negative inference from the mother's failure to testify at the fact-finding hearing (see Matter of Jaiden M. [Jeffrey R.], 165 AD3d 571, 572 [1st Dept 2018]). There is no basis for
disturbing the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024